[TAGGED]

**ORDERED in the Southern District of Florida on** 04-18-11.



_Raymond B. Ray, Judge_
United States Bankruptcy Court

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov
Broward Division

In re:

TRAFFORD DISTRIB. CTR., INC.,                                      Case No. 08-17980-BKC-RBR

    Debtor.                                                                    Chapter 7
_____/

SONEET R. KAPILA, Chapter 7 Trustee,                      Adv. Case No. 08-01759-RBR-A

    Plaintiff.
vs.

RICHARD I. CLARK,

    Defendant.
_____/

SONEET R. KAPILA, Chapter 7 Trustee,

    Plaintiff.                                                                      Adv. Case No. 08-1792-RBR-A
vs.

LIBERTY PROPERTIES AT TRAFFORD, LLC
LIBERTY ASSOCIATES, LC, and
ADVANCED VEHICLE SYSTEMS, LLC,

    Defendants.
_____/

SONEET R. KAPILA, Chapter 7 Trustee,

Plaintiff.

vs.

Adv. Case No. 08-1793-RBR-A

BARBARA WORTLEY,

Defendant.
_____/

## ORDER DENYING MOTION FOR RECUSAL

**THIS MATTER** came before the Court without a hearing on April 15, 2011 on the Defendants' correspondence directed to this Court, which the Court is treating as a Motion to Recuse ("Motion").[1] The Motion seeks for this Court to *sua sponte* recuse itself from presiding over matters in the transferred *Trafford* adversary proceedings. Before addressing the Motion, the Court will review the history of the *Trafford* adversary cases and the structure of the United States Bankruptcy Court, Southern District of Florida.

### A. The Court.

The United States Bankruptcy Court, Southern District of Florida consists of a total of seven (7) judges in three (3) divisions. Two (2) judges are assigned to the West Palm Beach Division, two (2) judges to the Ft. Lauderdale Division, and three (3) judges to the Miami-Dade Division. *See* Local Rule 1071-1. Should a judge decide that a case must be transferred for any reason, the transfer is to another judge within that judge's division. Local Rule 1073-1(B).

### B. The *Trafford* Adversary Cases.

Trafford Distributing Center, Inc. filed a petition under chapter 7 on June 13, 2008. Trustee Soneet Kapila retained the law firm of Ruden, McClosky, Smith, Schuster, and Russell, P.A. as counsel [DE 11, 20, 23, 47]. Commencing in November 2008, Trustee Kapila filed three (3) adversary proceedings, to wit: (1) Kapila v. Richard I. Clark, Adv. Case No. 08-01759-JKO-A; (2) Kapila v. Liberty Properties at Trafford, LLC, Liberty Associates, LC, and Advanced Vehicle

---

[1] The Defendants did not file a formal motion but instead faxed a letter to chambers and copied counsel for the trustee and special litigation counsel. Since this Court is a court of record, the Court has directed the clerk to docket the letter as a Motion to Recuse in the three adversary proceedings. Accordingly, the instant order deals with the Motion.

Systems, LLC, Adv. Case No. 08-1792-JKO-A; and (3) Kapila v. Barbara Wortley, Adv. Case No. 08-1793-JKO-A. All three cases were assigned to Judge John K. Olson. These three adversary proceedings resulted in judgments entered in favor of Trustee Kapila during the summer of 2010. Thereafter, the Defendants sought to recuse Judge Olson from hearing the adversary proceedings and sought to vacate or set aside the various findings of fact, conclusions of law, and final judgments. During October 2010, Judge Olson recused himself from the three adversary proceedings and the clerk transferred these matters to the undersigned. By separate order, this Court will schedule hearings in the transferred adversary proceedings addressing the Defendants' pending motions[2] however, this Court must first address the Defendants' Motion to Recuse.

### C. Lack of Factual Support.

My son, David A. Ray, is an attorney who practices bankruptcy law in the Southern District of Florida before all of the judges excluding myself. In their Motion, the Defendants infer that since my son practices before Judge Olson and Judge Olson's spouse appears in my court, I am somehow disqualified from hearing the pending motions in the *Trafford* adversaries. The Defendants seem to suggest that I may somehow be inclined to decide the pending *Trafford* motions in favor of Judge Olson's prior rulings.

However, the Defendants fail to provide any support for their position—they simply allude to the position that since my son appears before Judge Olson, I may be influenced in some way to rule in favor of Judge Olson's prior position on the *Trafford* adversaries. The Defendants do not claim that my son practices before me. And there is no claim that my son has any connection

---

[2] The pending motions include, but may not be limited to: (1) the Defendants' Supplemental Motion and Renewed Motion to Vacate Orders and Final Judgment [DE-269 in Case No. 08-01759; DE-298 in Case No. 08-01792; and DE-288 in Case No. 08-01793], and the Trustee's Response thereto [DE-278 in Case No. 08-01759; DE-305 in Case No. 08-01792; and DE-295 in Case No. 08-01793]; (2) the Defendants' Motion to Disqualify Michael Bakst and the Ruden McClosky Law Firm, Attorneys for Soneet R. Kapila, Trustee in Bankruptcy for Trafford Distributing Center, Inc. [DE-221 in Case No. 08-01759; DE-261 in Case No. 08-01792; and DE-248 in Case No. 08-01793] and the Trustee's Response thereto [DE-246 in Case No. 08-01759; DE-275 in Case No. 08-01792; and DE-268 in Case No. 08-01793]; and (3) the Defendants' Renewed Motion for Leave to Take Discovery [DE-279 in Case No. 08-01759; DE-306 in Case No. 08-01792; and DE-296 in Case No. 08-01793].

with the *Trafford* adversaries.  Further, although Judge Olson's spouse appears before me, there is no allegation that his appearance in my courtroom concerns the *Trafford* litigation. Therefore I cannot find a factual basis to support the Defendants' Motion.

### D. Lack of Legal Support.

The disqualification of a bankruptcy judge is governed by 28 U.S.C. § 455. Fed. R. Bankr. P. 5004.  Sections 455(a) and (b) occupy the core of section 455.  Section (a) provides a general, catch-all basis for disqualification whereas section (b) offers a list of more specific grounds for mandatory disqualification.

Beginning first with section 455(b)'s list of specific grounds, and taking each subsection in turn, the Defendants have alleged nothing in section 455(b)(1) through (5) that requires my recusal.[3]  The closest basis for my recusal under section 455(b) is under subsection (b)(5)(iii). This section provides that I must recuse myself when my son "[i]s known . . . to have an interest that could be substantially affected by the outcome of the proceeding."  However, the Defendants do not allege that my son has a direct interest in the outcome of the *Trafford* adversaries, let alone an interest that is substantial.  Surely they cannot, as my son is completely unconnected with the *Trafford* litigation.

The Defendants seem to allege that should I rule in a manner that will support Judge Olson's prior rulings in the Trafford adversaries, Judge Olson may be more inclined to rule in my son's favor whenever my son appears in his courtroom.  Coming to this conclusion requires several layers of assumptions that when combined, result in the Defendants' position.

---

[3] The Defendants do not allege that I have a personal bias or prejudice concerning a party, nor is it alleged that I have personal knowledge of disputed evidentiary facts.  § 455(b)(1).  There are no allegations that I have business connections to lawyers presently working on this case, nor will I be a material witness.  § 455(b)(2).  It is not alleged that I have counseled, advised, or expressed an opinion concerning the merits of this case.  § 455(b)(3).  There is no allegation that my spouse or minor child has: (i) a financial interest in the present case, (ii) is a party to the proceeding, or (iii) any other interest that could be substantially affected by this case's outcome.  § 455(b)(4).  While the Defendants do allege that my son has an interest by virtue of appearing in Judge Olson's courtroom, my son is not a minor and he certainly is not residing in my household.  Finally, it is not alleged that my son is a party to the proceeding, or that he is he an officer, director, or trustee of a party.  § 455(5)(i).  And there are no allegations that my son is an attorney in the proceeding, or that will he be a material witness.  § 455(5)(ii), (iv).

The first assumption is that I will rule against the Defendants on the pending motions. The second assumption is that because I will rule against the Defendants on the pending motions, Judge Olson will rule in favor of my son whenever my son appears in his courtroom. Moreover, the Defendants' assumption may presuppose that if I rule in favor of Ruden, McClosky, the firm that employs Judge Olson's spouse, then Judge Olson will rule in favor of my son when he appears before Judge Olson.

The Defendants' position is unfounded and without merit. It presupposes that I would ignore the law and facts, seeking instead some personal benefit for my son. Further, these allegations are mere speculation. As in *Sensley v. Albritton*, 385 F.3d 591 (5th Cir. 2004), the Defendants "are only able to make this argument by layering several speculative premises on top of one another to reach a speculative conclusion." *Id.* at 600. "[W]here an interest is not direct, but is remote, contingent or speculative, it is not the kind of interest which reasonably brings into question a judge's partiality." *Id.* (quoting *In re Drexel Burnham Lambert, Inc.*, 861 F.2d 1307, 1313 (2d Cir.1988)). Therefore, I find no basis for my disqualification under section 455(b).

Next, I turn to section 455(a). Section 455(a) provides a general, catch-all basis for disqualification. *Liteky v. U.S.*, 510 U.S. 540, 548 (1994). Under this section, "[a]ny justice, judge or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." § 455(a). Stated another way, disqualification is required where there is a reasonable appearance of partiality. The application of reasonableness requires an objective standard—the question is whether a judge's impartiality might be questioned from the perspective of a reasonable person who is well-informed "of all the surrounding facts and circumstances." *Cheney v. U.S. District Court for the District of Columbia*, 541 U.S. 913, 924 (2004) (quoting *Microsoft Corp. v. U.S.*, 530 U.S. 1301, 1302 (2000)).

In this matter, a reasonable person, being aware of all the circumstances, cannot conclude that my "impartiality might reasonably be questioned" merely because my son appears before

Judge Olson. Reasonable persons do not draw conclusions based upon groundless suspicions. *In re Allied-Signal Inc.*, 891 F.2d 967, 970 (1st Cir. 1989). Indeed, as explained above, a reasonable person would not layer several hypothetical assumptions on top of one another to reach such a speculative conclusion.

Further, I am not the only federal judge that has family members appearing as attorneys in federal court. Adopting the Defendants' reasoning would result in the absurd conclusion that every judge's spouse or child appearing in any federal court within this district, must invariably be excluded from all cases in the Southern District of Florida. This conclusion would render all family members of a judge, unable to practice law in this district. Such a conclusion is preposterous and is not the law.

For the forgoing reasons, my son's interest as an associate in the law firm that appears before Judge Olson is too remote to require my disqualification under the reasonable person standard of section 455(a).

### E. Conclusion.

The Defendants' seek my recusal by layering inference on top of inference however I cannot find a factual or legal basis upon which my recusal is required under section 455. Therefore, it is

**ORDERED** that the Motion to Recuse is **DENIED with prejudice**.

####

Copies to:
Chad Pugatch
Douglas Broeker
Michael Bakst